Vernon L. HAYNES, Appellee,

v.

GENERAL ELECTRIC CREDIT CORPORATION, Eppa Hunton, IV, Registered Agent, Appellant.

No. 77–1608.

United States Court of Appeals,
Fourth Circuit.

Argued May 2, 1978.

Decided Sept. 19, 1978.

court, to create affirmative priority of federally recorded interests as against competing rights declared by State law.

Having considered the briefs and the record, and after oral argument, we affirm the judgment below on the basis of the district court's opinion. 432 F.Supp. 763 (W.D.Va. 1977).

*AFFIRMED.*

Jack E. McClard, Richmond, Va. (James E. Farnham, Hunton & Williams, Richmond, Va., on brief), for appellant.

Robert H. Blodinger, Charlottesville, Va., for appellee.

Before RUSSELL, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM:

The district court held that a security interest in an airplane, duly recorded pursuant to the Federal Aviation Act, is defeated where there is a subsequent purchase of the airplane under circumstances which, under State law, priority would be accorded the subsequent purchaser. Specifically, the court held that the section of the Federal Aviation Act, 49 U.S.C. § 1403, which provides for a system of recordation of conveyances affecting title to or security interests in civil aircraft of the United States, does not preempt the rule of the Uniform Commercial Code that a "buyer in ordinary course of business" takes chattels free of a security interest created by his seller.[1] Congress did not intend, held the district

___

1. U.C.C. § 9–307(1) (Va.Code § 8.9–307(1)): "Protection of buyers of goods.—(1) A buyer in ordinary course of business . . . other than a person buying farm products from a person engaged in farming operations takes

free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence."